# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Liam Redding

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Albert J. Michell, P.C. 40 W. Evergreen Ave., Suite 101
Philadelphia, PA 19118 tel# 215.922.2588

## DEFENDANTS

Ardmore Automotive, Inc., d/b/a Armen Chevrolet

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII 42 USC Sec. 2000 et seq.

Brief description of cause:
Race discrimination and retaliation in employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 11/20/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: 125 East Lancaster Avenue, Ardmore, PA 19003

***RELATED CASE IF ANY:*** Case Number:________ Judge:________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

A. ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:________

B. ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LIAM REDDING<br>Plaintiff<br><br>v.<br><br>ARDMORE AUTOMOTIVE, INC., d/b/a<br>Armen Chevrolet<br>Defendant | CIVIL ACTION<br>DOCKET NO.: |

## COMPLAINT

Comes now the Plaintiff Liam Redding, by and through counsel Albert J. Michell, Esquire, and for his complaint and cause of action, states as follows:

## PARTIES

1. Plaintiff, Liam Redding (hereinafter "Plaintiff" or "Mr. Redding"), is an adult white male resident of the Commonwealth of Pennsylvania living at 3431 W. Westmoreland Street, Philadelphia, PA 19129.

2. Defendant Ardmore Automotive, Inc., d/b/a Armen Chevrolet (hereinafter "Defendant" or "Armen") is a Pennsylvania corporation licensed to do business in Pennsylvania, headquartered at 125 East Lancaster Avenue, Ardmore, PA 19003. Armen is a person as defined in 42 U.S.C. Sec 2000e-2(a).

3. At all times relevant to this action the above named Defendant was "engaged in an industry affecting commerce" within the meaning of Sections 701(g) and 701(h) of Title VII, 42 U.S.C. Sections 2000e(g) and 2000e(h).

At all times relevant to this action Defendant employed 20 or more employees.

At all times relevant to this action Defendant was an "employer" within the meaning of Section 701(b) of Title VII, 42 U.S.C. Section 2000e(b).

At all times relevant to this action Defendant was an "employer" within the meaning of Section 4 of the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 P.S. Section 954.

At all times relevant to this action Defendant was an "employer" within the meaning of

Section 5 of the PHRA, 43 P.S. Section 955.

## JURISDICTION

4. Jurisdiction of this court comes under 28 U.S.C. Sec. 1331 (Federal question) based on Mr. Redding's claims under Sections 703(a) and 706(f)(1) of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a) and 2000e-5(f)(1) and 42 U.S.C. Section 2000e3(a) ("Title VII"). The state law components of this action arise under the Pennsylvania Human Relations Act, 43 P.C. Section 951, *et seq*. This Court has supplemental subject matter jurisdiction over the state law components of this action pursuant to 28 U.S.C. Section 1367(a).

## VENUE

5. Venue in this district is proper because the discriminatory acts complained of occurred at Defendant's Ardmore, PA locations, located within the Eastern District of Pennsylvania and Plaintiff resides in this District.

## PROCEDURAL REQUIREMENTS

6. Within 300 days of the occurrences of the acts of discrimination of which he complains, Plaintiff dual filed Charges of Discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Pennsylvania Human Relations Commission (hereinafter "PHRC") alleging race-based employment discrimination and retaliation.

The EEOC and PHRC have held exclusive jurisdiction over Plaintiff's complaints for over 6 months.

To date, neither the EEOC or PCHR have reached a conciliation agreement to which Plaintiff is a party.

On November 5, 2026, the EEOC issued a Notice of Right To Sue letter, allowing Plaintiff to sue in Federal Court within ninety (90) days of receipt. (See attached as exhibit "A", Notice of Right to Sue letter dated November 5, 2026.)

## STATEMENT OF FACTS

7. Defendant Armen is a company engaged in the sales and maintenance of automobiles with

its principal place of business located at 125 East Lancaster Avenue, Ardmore, PA 19003.

8. Mr. Redding, a white male with approximately 8 years of relevant experience in the automobile parts field, was hired by Defendant on or about July 30, 2025 as a Parts Advisor in its Parts and Service Center located at 41 Greenfield Avenue, Ardmore, PA 19003.

9. Plaintiff excelled at his position with Defendant, where his duties included but were not limited to, assisting customers and technicians with locating parts, doing price quotes, estimated times of arrival, and delivering parts.

10. During the entirety of his employment with Defendant Mr. Redding's direct supervisor was Parts Manager Jonathan Keppol (hereinafter "Keppol"), a white male.

11. Beginning in or about September of 2025 Mr. Redding was severely and consistently racially harassed by Keppol.

12. Keppol began a pattern and practice of telling Defendant's black employees, including technicians Kyree Brown, Paul Percival, and De'nelson Williams that Plaintiff was racist against black people.

13. The above incidents happened on a regular basis and at least 30 times in Plaintiff's presence throughout his employment with Defendant, which ended on May12, 2026.

14. When the above incidents would occur in Plaintiff's presence, Plaintiff would vehemently deny the assertions of Keppol.

15. Plaintiff would consistently complain to Keppol and ask that he stop the practice, to no avail.

16. Beginning on or about December 11, 2025 Keppol also began making Artificial Intelligence (hereinafter "AI") generated photographic posters of Claimant, which he placed around the shop and parts department. These images made Claimant the butt of jokes, attacking his work performance. They claimed, in a cruel and bullying manner couched in humor, that his quotes were untimely and wrong, his ETAs were wrong, and he gave people the wrong parts.

17. When the above severe and pervasive racial harassment continued despite Plaintiff's protests, Plaintiff verbally complained about it to Maureen Mandia (Office Manager/Human Resources) (hereinafter "Mandia") and Cynthia Artz (Controller) on or about January 21, 2026.

18. These individuals responded by requesting that Plaintiff put his complaint in writing, which he did by email.

19. Plaintiff complained in this email of, among other things, the racist actions/allegations of Keppol and the AI images he made and posted in the workplace. Plaintiff attached the images to the email.

20. Shortly after this Keppol appeared to be upset at Plaintiff.

21. Plaintiff went on a short vacation from January 25, through February 2, 2025 and approximately 1 week after his return from vacation Defendant held a meeting with Claimant, Keppol, Maureen Mandia, and Tod Gomer (Vice President/General Manager).

22. At this meeting Human Resources generally defended Keppol and at no time issued any discipline, write ups or warnings to him for his conduct.

23. For two weeks after the meeting Keppol essentially ignored Plaintiff and providing only short, curt answers when he had to talk with him.

24. Within the weeks that followed Keppol's harassment of Plaintiff intensified as he not only continued this behavior but also reverted to his prior conduct of continually making the racial allegations about Plaintiff to the above black co-workers.

25. In addition to the above Keppol would also mumble words to Plaintiff under his breath such as "you're useless".

26. Highly distressed by this severe and pervasive harassment and by upper management and human resources' consent and approval of same, Plaintiff put in a notice to resign on April 24, 2026, but rescinded it on April 28, 2026 after being talked out of it by a co-worker. This recision was accepted by Defendant.

27. Shortly thereafter Maureen Mandia and Keppol met with and terminated Claimant, on May 12, 2026.

28. At this meeting Mandia stated the reason for Plaintiff's termination was that "it was not working out" while at the same meeting Keppol stated the termination was because of the fact that Plaintiff had earlier put in his notice to resign.

29. Insomuch as Mandia's explanation refers to Claimant's conduct, this allegation is patently without merit and is a pretext for retaliation for his complaints of racial harassment/hostile work environment, and discrimination.

30. Keppol's conflicting reason for terminating Plaintiff is likewise without merit and pretextual.

31. Plaintiff was subjected to harassment and adverse employment decisions by Defendant on the basis of his race, and in retaliation for his complaints of same, and not because of any legitimate business reason.

32. Defendant by and through its employees humiliated, embarrassed, and subjected Plaintiff to mental distress and anguish through their deliberate harassment, discrimination, and retaliation.

33. As a result of Defendant's discrimination and retaliation of Plaintiff, Plaintiff suffered lost income and other monetary damages including the necessity of hiring an attorney to file this suit.

**COUNT I**

Title VII - Race Discrimination/Harassment in Employment

34. Plaintiff incorporates paragraphs 1 through 33 as though set forth in full herein.

35. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

36. Taken together, the acts outlined above up describe a pattern of intentional discrimination against and disparate treatment of Plaintiff on account of his race with respect to the terms and conditions of his employment.

37. Taken together, the acts outlined above were intentional and describe a hostile work environment based on race:

(a) Plaintiff suffered the intentional discrimination outlined above because of his membership in a protected class;
(b) such discrimination was pervasive and regular;
(c) such discrimination detrimentally affected the Plaintiff;
(d) such discrimination would have detrimentally affected a reasonable person of the same protected class in his position; and
(e) there existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.

38. Similarly situated blacks were not treated in this manner.

39. The effects of Defendant's employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee because of his race.

40. As a result of Defendant's action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, mental anguish, and loss of enjoyment of life's pleasures.

41. The above described acts and omissions of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the Federally protected rights of Plaintiff.

42. Said acts and omissions of Defendant were committed by and through its management employees within their agency/employment relationships with Defendant.

43. The extreme and outrageous acts and omissions of Defendant merit the imposition of punitive damages.

**WHEREFORE,** Plaintiff Liam Redding prays that this Court:

(a) accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the causes of action; and

(c) awards the following damages:

I. back pay and front pay along with pre and post judgment interest;

ii. punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

iii. attorneys' fees, expert witness fees, the costs of this action, and expenses as provided by applicable Federal statutes; and

iv. any other relief which this Court deems just and equitable.

## COUNT II
PHRA - Race Discrimination/Harassment in Employment

44. Plaintiff incorporates paragraphs 1 through 43 as though set forth in full herein.

45. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Sections 953 and 955.

46. Taken together, the acts outlined above describe a pattern of intentional discrimination

against and disparate treatment of Plaintiff on account of his race with respect to the terms and conditions of his employment.

47. Taken together, the acts outlined above were intentional and describe a hostile work environment based on race:

(a) Plaintiff suffered the intentional discrimination outlined above because of his membership in a protected class;
(b) such discrimination was pervasive and regular;
(c) such discrimination detrimentally affected the Plaintiff;
(d) such discrimination would have detrimentally affected a reasonable person of the same protected classes in his position; and
(e) there existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.

48. Similarly situated blacks were not treated in this manner.

49. There existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.

50. Defendant's employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee because of his race.

51. Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the state and municipality protected rights of Plaintiff.

52. As a result of Defendant's action and conduct, Plaintiff has suffered emotional distress, loss of income, mental anguish, and loss of enjoyment of life's pleasures.

**WHEREFORE,** Plaintiff Liam Redding prays that this Court:

(a) accepts jurisdiction over this matter;
(b) impanels and charges a jury with respect to the causes of action; and
(c) awards the following damages:
  I. back pay and front pay along with pre and post judgment interest;
  ii. liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

iii. attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Pennsylvania state statutes; and

iv. any other relief which this Court deems just and equitable.

## COUNT III
Retaliation

53. Plaintiff incorporates paragraphs 1 through 52 as though set forth in full herein.

54. As outlined in the Statement of Facts, Plaintiff engaged in the opposition of unlawful employment practices, Defendant's described acts and omissions constituting violations of Title VII and the PHRA, by making complaints of such treatment to management and human resources.

55. Plaintiff's said opposition was a protected activity.

56. Defendant harassed Plaintiff and detrimentally affected the terms and conditions of his employment by terminating him for engaging in these protected activities.

57. Defendant's acts of discrimination as aforesaid were intentional, willful, and in reckless disregard of Plaintiff's rights and interests.

58. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of 42 U.S.C. Section 2000e3(a) and the PHRA.

59. The above described acts and omissions of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the Federally protected rights of Plaintiff.

60. Said acts and omissions of Defendant were committed by and through its management employees within their agency/employment relationships with Defendant.

61. The extreme and outrageous acts and omissions of Defendant merit the imposition of punitive damages.

**WHEREFORE,** Plaintiff Liam Redding prays that this Court:

(a) accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the causes of action; and

(c) awards the following damages:

I. back pay and front pay along with pre and post judgment interest;

ii. punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

iii. attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Federal statutes; and

iv. any other relief which this Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury on all counts.

Dated: 11/20/2026

*/s/ Albert J. Michell*
Albert J. Michell, Esquire
Attorney ID: 76797
**ALBERT J. MICHELL, P.C.**
40 West Evergreen Avenue
Suite 101
Philadelphia, PA 19118
Send correspondence to:
PO Box 4062
Philadelphia, PA 19118
Telephone: 215.922.2588
Validation of Signature Code: AJM4598

# EXHIBIT "A"
# NOTICE OF RIGHT TO SUE LETTER

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St. Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: [illegible]

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/05/2026

**To:** Mr. Liam Redding
3431 W. Westmoreland Street
Philadelphia, PA 19129
Charge No: 530-2026-06893

EEOC Representative and phone: Legal Unit
(267) 589- 9707

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-06893.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
11/05/2026

Karen McDonough
Deputy District Director

**Cc:**
Tod Gomer
Armen Chevrolet
125 East Lancaster Ave.
Ardmore, PA 19003

Tracy Walsh
Weber Gallagher Simpson Stapleton Fires & Newby LLP
2000 Market Street
Phila, PA 19103

Maureen Mandia
Armen Chevrolet
125 East Lancaster Ave.
Ardmore, PA 19003

NA NA
125 East Lancaster Ave.
Ardmore, PA 19003

Albert J Michell Esq.
Albert J. Michell P.C.
40 West Evergreen Avenue, Suite 101
Philadelphia, PA 19118

Please retain this Notice for your records.